11-3031-cr
United States v. Barry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT:   JON O. NEWMAN,
    BARRINGTON D. PARKER,
    REENA RAGGI,
      *Circuit Judges.*
------------------------------------------------------------------------

UNITED STATES OF AMERICA,
      *Appellee*,

    v.            No.  11-3031-cr

PHILIP BARRY
      *Defendant-Appellant*
------------------------------------------------------------------------

APPEARING FOR APPELLANT:  EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, New York.


APPEARING FOR APPELLEE:  JOHN P. NOWAK, (Jo Ann M. Navickas, Jeffrey A. Goldberg, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 22, 2011, is AFFIRMED.

Defendant Philip Barry appeals his conviction of one count of securities fraud, see 15 U.S.C. §§ 78j(b) and 78ff, and 33 counts of mail fraud, see 18 U.S.C. § 1341, asserting that evidentiary errors deprived him of a fair trial. He further appeals his cumulative 20-year prison sentence as procedurally and substantively unreasonable.

1.    Evidentiary Errors

Barry challenges the admission of certain testimony by former investors on the grounds that it was not relevant to proving securities fraud. In particular, he challenges the admission of Frances Monteleone's testimony that "[her] life was ruined" by Barry's fraud, Appx. 655, and Philip Bray's testimony that he felt "disgust" and "betrayal" upon learning of Barry's deceit, Appx. 726–27. Barry also challenges the admission of Robert Lundberg's prior statements to authorities about his criminal activities. The government now concedes the inadmissibility of the Lundberg statements. See Fed. R. Evid. 801(d)(1)(B). Insofar as the government maintains that the Monteleone and Bray statements were relevant and admissible, we need not decide that question. Even if we were to resolve it in favor of Barry, the alleged error is harmless because we "can conclude with fair assurance that the evidence

2

did not substantially influence the jury." United States v. Al-Moayad, 545 F.3d 139, 164 (2d Cir. 2008) (internal quotation marks and citations omitted).

In order to determine if an error is harmless, we consider: "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted [evidence]; and (4) whether such evidence was cumulative of other properly admitted evidence." Id. (citations omitted). Here, the jury was presented with overwhelming documentary evidence of the large-scale Ponzi scheme that Barry operated for more than 30 years. Seized records showed that over at least six years, $27 million in investors' funds were deposited into four different bank accounts controlled by Barry. The cumulative balance of those accounts, however, never exceeded $251,000, because the monies were not invested in stock options, as Barry represented on client statements. Rather, they were recycled to satisfy the return expectations of earlier investors and to pay Barry's own expenses. Notes from Barry's files listed pretextual reasons why he could not send investors a list of the stocks in which he had purportedly invested. Several of Barry's investors testified about the various false assurances that he gave them over the years about their investments. Meanwhile, the jury saw a seized note on which Barry had written to himself, "I'm just a crook running a Ponzi scheme." G.A. 5. Given this overwhelming evidence of Barry's guilt, we can confidently conclude that any evidentiary error was harmless.

2.    Sentence

    a.    Procedural Reasonableness

        i.    Bankruptcy-Fraud Enhancement

Barry contends that the district court miscalculated his Sentencing Guidelines range in applying a two-level enhancement for committing "a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding." U.S.S.G. § 2B1.1(b)(8)(B).[1] We review sentencing challenges for reasonableness, a standard akin to abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

In urging such abuse here, Barry first maintains that the district court failed to make specific factual findings to support the enhancement. For purposes of a sentencing enhancement, a "district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report." United States v. Molina, 356 F.3d 269, 275 (2d Cir. 2004). Both the presentence report and its addendum addressed Barry's behavior in his bankruptcy proceedings in detail, see PSR ¶ 20 and Addendum 3, and at sentencing the district court "adopt[ed] the factual findings of the report as revised in the addendum and the guideline as previously stated," Appx. 1935. Accordingly, we identify no procedural defect in the district court's factfinding.

Second, Barry contends that the evidence does not support a finding that his actions in the bankruptcy proceeding evidenced intent to defraud. The record, however, reflects that

---

[1] This provision is currently styled as § 2B1.1(b)(9)(B).

4

Barry omitted basic information concerning his assets and creditors in his initial bankruptcy petition, and that he repeatedly sought to reduce his culpability in the bankruptcy proceedings by misrepresenting amounts of loss by over $10 million and by refusing to answer questions directly. These omissions and misrepresentations were so blatant as easily to support a preponderance finding that Barry acted with the deceitful intent necessary for a § 2B1.1(b)(8)(B) enhancement.

### ii.    Victims and Loss Amounts

In a pro se supplemental brief, Barry challenges enhancements under the Sentencing Guidelines for loss amount and number of victims. Because Barry failed to raise these challenges in the district court, we review only for plain error. See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). Moreover, the record clearly supports the application of the challenged enhancements because Barry cannot show any error, let alone plain error. The factual findings of the PSR, which the district court adopted, presented detailed information culled from victims' loss affidavits showing a total loss of $24,731,184 to 333 separate investor victims. PSR ¶¶ 22–23. This was sufficient to support a 22-level loss enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(L) (adding 22 levels for loss exceeding $20 million) and a 6-level victim enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(C) (adding 6 levels for offense involving more than 250 victims).

b.      Substantive Reasonableness

Barry contends that, even if his 20-year prison sentence is not infected by procedural error, the below-Guidelines term[2] is substantively unreasonable under the parsimony clause of 18 U.S.C. § 3553(a).  "We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  United States v. Wagner-Dano, 679 F.3d 83, 95 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d at 189).  Here, the district court expressly referenced the parsimony clause in explaining that despite certain mitigating factors in Barry's personal life, it needed to impose a sentence that was sufficient to punish Barry for his long-term fraud and to "deter others who might be inclined to victimize honest, decent people."  Appx. 1933.  Considering the serious nature of Barry's crime, the length of time over which he perpetrated it, and its impact on so many victims, we cannot conclude that a 20-year sentence was outside the broad range of permissible decisions available to the sentencing court.

---

[2] With a total offense level of 41 and a criminal history category of I, Barry faced a recommended Guidelines sentence of 324 to 405 months' imprisonment, a range that would have required the district court to impose at least some terms of incarceration consecutively rather than concurrently as it did.  The district court's decision to impose a non-Guidelines sentence precludes Barry's pro se argument that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  See also United States v. Booker, 543 U.S. 220, 268 (2005).

We have considered all of Barry's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court